### Morgan Jones v. Caroline S. Gibbs et al.

Delivered April 27, 1898.

**1. Power of Attorney to Sell Land.**

A power to make sale or "other disposition" of certain land, and "to execute all necessary deeds in our names for the proper conveyance of said lands," authorizes the execution of a deed conveying a part of the land in consideration of legal services inuring to the principal's benefit.

**2. Same.**

A power of attorney to convey one-half of the lands inherited by the principals from a deceased person authorizes a conveyance by metes and bounds of a portion of such land, none of which had then been conveyed under the power.

Appeal from Tarrant. Tried below before Hon. W. D. Harris.

*Bomar & Bomar,* for appellant.

*Ward & James,* for appellees.

TARLTON, CHIEF JUSTICE.—Suit by appellees to recover of appellant fifty feet off the west side of lot 5, in block 153, in the town of Wichita Falls. Judgment for plaintiffs for the recovery of an undivided interest of three-sixteenths of the land sued for, and consequent appeal by the defendant.

We think that the power of attorney from plaintiffs and Fannie E. Scott authorized the constituent, John A. Scott, to execute the deed to Merrett W. Seeley of the land in controversy. In our opinion, the expression "other disposition" used in the instrument, besides the power of sale, together with the power evidenced by the additional expression, "to execute all deeds in our names for a proper conveyance of said land," authorized the execution of the deed to Seeley, in consideration of legal services in the location and establishment of Wichita Falls. In other words, the power of attorney did not contemplate exclusively a transaction involving a sale of the land, but it contemplated such a disposition as is evidenced by the deed to Seeley.

As the lot in controversy was upon the section 16 of land referred to in the power of attorney and in the deed, and as Scott was authorized to convey one-half of the land, and as none of the land had been conveyed at the date of the deed to Seeley, a conveyance by lot or by metes and bounds to the latter by Scott was authorized and effective. This conclusion is directly at variance with that entertained by his honor, and it hence requires that we reverse and render the judgment, it being obvious that if the deed to Seeley be authorized, the title to the entire property in controversy passed to the defendant.

For the reason above stated, the judgment is reversed and here rendered for the appellant.

*Reversed and rendered.*

Writ of error refused.